# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

KATHALINA MONACELLI,

           **Plaintiff,**

-vs-                                    Case No. 2:08-cv-918-FtM-29DNF

**LEE COUNTY EDUCATION ASSOCIATION, LEE COUNTY SCHOOL BOARD, STEVE TEUBER, District 4 School Board Member, CALOOSA MIDDLE SCHOOL, BRIAN MANGAN,**

           **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On December 5, 2008, the Plaintiff, Kathalina Monacelli filed a Complaint (Doc. 1) and Motion for Leave to Proceed *In Forma Pauperis*/Affidavit of Indigency (Doc. 2). The Plaintiff is requesting leave to proceed without the prepayment of filing fees. The Court reviewed the Plaintiff's initial Complaint (Doc. 1) and entered an Order (Doc. 6) on December 11, 2008, requiring the Plaintiff to file an Amended Complaint which she did on December 22, 2008. The Court has reviewed the Amended Complaint (Doc. 9).

The Court explained in its prior Order that when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or

malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915.

In the Amended Complaint, the Plaintiff alleges that the Defendants have violated her First, Eleventh, and Fourteenth Amendments rights; the Civil Rights Act of 1964, 42 U.S.C.§2000e; the Americans with Disabilities Act, 42 U.S.C. §12101; the General Education Provisions Act, 20 U.S.C. §1221; the Sherman Act, 15 U.S.C. §§1-7; and the Federal Trade Commission Act, 15 U.S.C. §45. The allegations in the Amended Complaint are confusing, and the Plaintiff fails to indicate which of the Defendants participated in which of the violations of the various statutes and Constitutional Amendments. The Plaintiff asserts that the Defendants failed to hire her even though her qualifications are superior to other applicants. She argues that the Defendants failed to hire people associated with people with disabilities, people in lower socioeconomic levels, people who live in certain geographic areas, and failed to hire people based upon national origin and ethnic background.

The Plaintiff contends that she has a disabled daughter. The Plaintiff asserts that because she has a disabled daughter, the Plaintiff herself is considered disabled under the Americans With Disabilities Act. The Plaintiff claims that she is "'being regarded as having a disability.'" (Com.[1] ¶4, p. 4). The Plaintiff applied for many teaching jobs through the on-line job application process, but has not been hired. The Plaintiff claims that the Defendants have a preferential hiring process. The Plaintiff asserts that the Defendants have discriminated against her by denying access to employment. The Plaintiff contends that the Defendants have used abusive and anti-competitive actions against her. The Plaintiff asserts that the Defendants have hired other people with fewer credentials and have used "geographical demographics" in the hiring process. (Com. ¶15, p. 8). The Plaintiff contends that the

---

[1] "Com." refers to the Amended Complaint (Doc. 9).

Defendants have not hired people who have a family member that is disabled. The Plaintiff claims that the Defendants have prevented equal access to jobs by their availability of interviews; hiring from a preferred group; restraint of the teaching trade; placing less qualified people ahead of the Plaintiff; and red-lining individuals that live in rural areas.

In Count I, the Plaintiff alleges a violation of her First, Eleventh, and Fourteenth Amendment rights. The Plaintiff claims that through their hiring process, the Defendants have denied the Plaintiff equal access. In Count II, the Plaintiff alleges that the Defendant violated the Civil Rights Act. The Plaintiff claims the Defendants' hiring practices prevented the Plaintiff from gaining employment arguing that the Defendants hire "'White'" individuals rather than people of other ethnic backgrounds, and the Defendants should provide training. In Count III, the Plaintiff alleges that the Defendants have violated the American With Disabilities Act by discriminating against her due to her association with a disabled person. In Count IV, the Plaintiff alleges that the Defendants violated the General Education Provisions Act by having hired fewer qualified individuals, by using socioeconomic values in their hiring practices, and by needing to change their hiring practices. In Count V, the Plaintiff alleges that the Defendants have a preferred group of individuals for hiring which violates the Sherman Act. In Count VI, the Plaintiff alleges that the Defendants have used unfair and deceptive trade practices in the hiring of teachers in violation of the Federal Trade Commission Act.

In the first Count of the Amended Complaint, the Plaintiff alleges a violation of the First, Eleventh, and Fourteenth Amendments for failing to provide her with equal access to employment. The First Amendment provides as follows: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble and to petition the Government for a redress of

grievances." U.S. Const. amend. I. The Plaintiff has failed to allege any facts showing a violation of the First Amendment. The Eleventh Amendment provides as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Plaintiff has failed to allege any violation of the Eleventh Amendment. The Plaintiff also alleges that her Fourteenth Amendments rights were violated. The Plaintiff fails to specify which Clause of the Fourteenth she claims that the Defendants violated. The Fourteenth Amendment does contain the Equal Protection Clause which provides in part that "No State shall . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV §1. The Equal Protection Clause does require Governmental agencies to treat similarly situated people alike, however, an Equal Protection claim relates to a statute that is discriminatory on its face, has a disparate impact, or is unequally administered. *Corey Airport Services, Inc. v. City of Atlanta*, 2008 WL 4452386, *19 (N.D. Ga. September 30, 2008) (citing *E & T Realty v. Strickland*, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987)). The Plaintiff has failed to allege a violation of the Fourteenth Amendment.

In Count II, the Plaintiff alleges a violation of Title VII, claiming that the Defendants hire "'White'" individuals rather than people of other ethnic backgrounds. The Plaintiff has not shown the elements of discrimination. Specifically, she must allege "'(1) that she was a member of a protected class, (2) that she was qualified for the job, (3) that she suffered an adverse employment action, and (4) that she was displaced by someone outside the protected class.'" *Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Hinson v. Clinch County, Ga. Bd. of*

*Educ.*, 231 F.3d 821, 828 (11th Cir. 2000)). Therefore, the Plaintiff has failed to state a cause of action for discrimination.

In Count III, the Plaintiff alleges that the Defendants have violated the American With Disabilities Act by her being associated with a disabled person. She does not allege that she is disabled herself. To show a *prima facie* case of association discrimination, the Plaintiff must establish: "(1) that she was subjected to an adverse employment action; (2) that she was qualified for the job at that time; (3) that her employer knew at that time that she had a relative with a disability; and (4) that 'the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in [the employer's] decision.'" *Wascura v. City of South Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001) (quoting *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1230-31 (11th Cir. 1999)). The Plaintiff alleges discrimination based upon her association with her disabled child. She has failed to plead all of the elements for a claim of association discrimination, therefore she has failed to state a claim upon which relief may be granted.

In Count IV, the Plaintiff alleges that the Defendants violated the General Education Provisions Act, 20 U.S.C. §1221. The Plaintiff claims that the Defendants hired fewer qualified individuals, used socioeconomic values in their hiring practices, and needs to change their hiring practices. The General Education Provisions Act applies to certain programs implemented by the Department of Education. 20 U.S.C. §1221(b)(1). The Plaintiff failed to state a cause of action under the General Education Provisions Act.

In Count V, the Plaintiff alleges that the Defendants have a preferred group of individuals for hiring which violates the Sherman Act. "'[T]he purpose of the [Sherman] Act is not to protect businesses from the working of the market; it is to protect the public from the failure of the market.

The law directs itself not against conduct which is competitive, even severely so, but against conduct which unfairly tends to destroy competition itself. It does so not out of solicitude for private concerns but out of concern for the public interest.'" *Spanish Broadcasting System of Florida., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1070 (11th Cir. 2004) (quoting *Spectrum Sports, Inc. v. McMillan*, 506 U.S. 447, 459 (1993)). The Plaintiff failed to allege a cause of action under the Sherman Act.

In Count VI, the Plaintiff alleges that the Defendants have used unfair and deceptive trade practices in the hiring of teachers in violation of the Federal Trade Commission Act. "There is no private cause of action implied under the Federal Trade Commission Act." *Lingo v. Albany Department of Community & Economic Development*, 195 Fed.Appx. 891, 894 (11th Cir. 2006) (citing *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 361 n.6 (5th Cir. 1977)). The Plaintiff failed to allege a cause of action under the Federal Trade Commission Act.

Therefore, it is respectfully recommended that the Motion to Proceed *In Forma Pauperis*/ Affidavit of Indigency (Doc. 2) be denied and this action be dismissed for failure to state a claim upon which relief may be granted.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___13th___ day of January, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record